This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37580**

**HIGH DESERT BICYCLES, INC.,**

       Protestant-Appellee,

v.

**NEW MEXICO TAXATION AND
REVENUE DEPARTMENT,**

       Respondent-Appellant.

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE**
**Ignacio V. Gallegos, Hearing Officer**

Betzer, Roybal & Eisenberg, P.C.
Benjamin C. Roybal
Robert J. Desiderio
Albuquerque, NM

for Appellee

Hector H. Balderas, Attorney General
Cordelia Anna Friedman, Special Assistant Attorney General
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}**    The New Mexico Taxation and Revenue Department (the Department) appeals a decision and order of a hearing officer granting a taxpayer protest. This Court issued a calendar notice proposing to affirm. In its memorandum in opposition, the Department continues to assert the issues raised in its docketing statement and also seeks to amend that docketing statement to assert a new issue. Having duly considered the

Department's memorandum and motion to amend, we now deny the motion to amend and affirm.

{2}     The Department's motion to amend seeks to raise a question regarding whether its trial showing regarding its own procedures for handling telephone calls from taxpayers could be overcome by "Taxpayer's self-serving hearsay testimony that Department personnel did not follow that protocol." [MIO 3] This issue is directly relevant to the asserted defense that Taxpayer "was affirmatively misled by a department employee." *See* 3.1.11.11(A) NMAC (discussing indicators of non-negligence). To the extent the Department is suggesting that its own evidence was more credible that Taxpayer's, we point out that questions of the weight of the evidence are beyond the scope of this Court's review. *See Bustos v. Hyundai Motor Co.*, 2010-NMCA-090, ¶ 34, 149 N.M. 1, 243 P.3d 440.

{3}     The Department's primary argument, however, is that although hearsay evidence may be considered in administrative proceedings, inadmissible hearsay cannot be the sole basis of a factual finding. *See Young v. Bd. of Pharmacy*, 1969-NMSC-168, ¶¶ 15-17, 81 N.M. 5, 462 P.2d 139 (adopting the legal residuum rule). The Department, however, does not assess or explain how the relevant testimony was hearsay. Generally, hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Rule 11-801(C) NMRA.

{4}     Based upon the decision and order on appeal, it appears that the relevant testimony involved Taxpayer's witness's recollection of what happened when he called the Department's help line. [RP 55] The testimony seems to have been something to the effect that when he sought help, an employee of the Department "walked him through the process of making a payment without logging in" without mentioning the need to do anything else, and that the witness "felt comfortable that he was given enough information to report correctly." [Id.; MIO 13-14]

{5}     We understand the Department to now be arguing that some statement of its employee was received in evidence, and that statement was hearsay. [MIO 14] It is unclear what statement that might have been or how it could have been offered for the truth of the matter asserted, since the primary thrust of Taxpayer's defense was that he was misled by the employee's failure to disclose that Taxpayer was also required to file a return to comply with NMSA 1978, Section 7-1-13 (2019), leaving Taxpayer with the impression that it had satisfied its obligation when he made his payment online. Instead, it seems that the testimony, even to the extent it related what that employee said on the telephone, was offered for the non-hearsay purpose of establishing an effect upon the listener. *See State v. Johnson*, 1983-NMSC-043, ¶ 17, 99 N.M. 682, 662 P.2d 1349 (affirming the "longstanding rule" that such evidence is admissible non-hearsay).

{6}     The Department's motion to amend its docketing statement, however, is premised upon the hearing officer having relied upon hearsay. [MIO 3, 10] Because we are unpersuaded of that premise, we conclude that the appellate issue the Department

seeks to raise is not viable and deny the motion to amend. *See State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (denying a motion to amend a docketing statement where the issue sought to be raised was not viable).

**{7}** With regard to the three issues originally raised in its docketing statement, the Department now asks us to reconsider our proposed disposition in light of the hearsay received at the hearing. [MIO 17, 18, 19] Because we are not persuaded that the decision and order relied upon hearsay, we are unpersuaded that our proposed disposition is inappropriate. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (noting that "in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law").

**{8}** For the foregoing reasons, as well as those contained in our proposed summary disposition, we affirm the district court.

**{9}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**MEGAN P. DUFFY, Judge**